PER CURIAM.
We affirm in all other respects the order granting the former wife’s motion for attorney’s fees, but remand for the trial court to enter an amended order addressing two issues:
1. The trial court acknowledged in its order that the former wife’s counsel “has received only $9,300 on account, which was the sum that the Court ordered on October 4, 2011 for temporary fees — and he had to file a Motion for Contempt to enforce that order to receive that payment.” The order makes no further reference to this payment of $9300 by the former husband, and it remains unclear whether the trial court intended to include (and in fact included) a credit for that amount in its calculation of the ultimate fee award of $85,000.[1] The trial court shall amend the order to reflect whether such a credit was intended to be included and, if so, how that credit was applied in the court’s calculation and award.
2. The order contains an “acceleration clause.”[2] On appeal, the former wife stip *460 ulated that she will not seek enforcement of that clause, and the trial court shall remove the acceleration clause from its order granting attorney’s fees.
Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

. The former wife’s counsel submitted 264.45 hours performed by a partner and an associate within the firm. Counsel for the former wife proposed using a blended hourly rate of $376.25, for a total amount of $99,499. Upon the former wife’s agreement, the trial court concluded that sixteen hours of billed associate time should be removed from the fee award (leaving 248.45 hours at a blended rate of $376.25 for a total new amount of $93,479). The trial court also determined the proposed blended rate was “somewhat high for the issues and resources of these parties,” and reduced the blended rate by 10% (to $338.62) which, when multiplied by 248.45 hours, results in a fee award amount of $84,131. This amount closely approximates the ultimate fee award of $85,000, but does not account for the $9300 in temporary fees alleged to have been paid by the former husband to the former wife, and for which the former husband sought a credit.

. The order required former husband to pay the $85,000 at a monthly rate of $1,000. It further provided: "If Mr. Shaleesh defaults in *460 any monthly payment of this obligation, the then remaining balance shall accelerate and become payable in full immediately.”